COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:   Fidelis Johnson Badaiki v. Steve McKenzie, Schlumberger Holdings Corporation et al.

Appellate case number:   01-20-00778-CV

Trial court case number:   2020-16532

Trial court:   11th District Court of Harris County

The clerk's record was filed on March 9, 2021. On March 16, 2021, the court reporter filed a notice that appellant had not made payment arrangements for the filing of the reporter's record. A review of the clerk's record revealed that appellant filed two statements of inability in the trial court: one with his original petition on February 28, 2020 and the other on March 8, 2021. The clerk's record contains no order by the trial court overruling his claim of inability to pay court costs. Appellant also filed two statements of inability in this Court.

Under Rule 145, a party who files a statement of inability in the trial court cannot be required to pay costs except by order of the trial court. *See* TEX. R. CIV. P. 145(a). The party who files a statement of inability in the trial court may not be ordered to pay costs without notice and a hearing and a written order supported by detailed findings. TEX. R. CIV. P. 145(f)(5)-(6). If a party files a statement of inability in the trial court and no order required him to pay court costs, that party will not be required to pay costs in the appellate court. *See* TEX. R. APP. P. 20.1(a)(1).

Appellant filed another statement of inability in this Court on February 24, 2021. On March 26, 2021, appellees filed a response to appellant's most recent statement of inability, opposing appellant's claim of inability to afford payment of court costs and contending that: (1) the trial court had implicitly denied appellant's statement of inability in the trial court by entering an order under Rule 91a.7 imposing costs and attorney's fees; and (2) "An investigation uncovered that he [appellant] owns property and has bank accounts that he did not disclose." Based on this claimed investigation, appellees assert that appellant's statements of inability are intentionally fraudulent and misleading. Appellees attach no proof supporting their allegations and do not cite to proof in the record supporting them. Because Rule 145(f) requires a written order with detailed findings in support of its determination that appellant can afford the payment of court costs, any other order by the trial court cannot serve as an implicit ruling on appellant's inability to afford payment of court costs. *See* TEX. R. CIV. P. 145(f)(5)-(6). Thus, the trial court's

order awarding attorney's fees and costs does not overrule appellant's statement of inability to afford court costs because: (1) it does not state that a hearing was held on appellant's statement of inability; (2) it does not mention appellant's statement of inability; (3) it contains no detailed findings concerning appellant's statement of inability; and (4) it does not overrule appellant's statement of inability based on the detailed findings recited in the order. *See* TEX. R. CIV. P. 145(f)(5)-(6).

Because the clerk's record contains no trial court order with detailed findings overruling appellant's claim of inability to afford payment of court costs, we may not require appellant to pay court costs on appeal. *See* TEX. R. APP. P. 20.1(a)(1).

Accordingly, the Clerk of this Court shall take notice that appellant is not required to pay appellate court costs in the form of filing fees or appellate record costs. The court reporter is ordered to file the reporter's record at no cost to appellant **within 30 days of the date of this order**.

It is so ORDERED.


Judge's signature: ____/s/ Richard Hightower_____
             ☑ Acting individually    ☐ Acting for the Court


Date: ___March 30, 2021_____